*In re* PETITION OF HOOD.

CORPORATIONS—DISSOLUTION—SALE OF ASSETS—WAIVER—ESTOPPEL.
In proceedings for the dissolution of a corporation under 3 Comp. Laws 1915, § 13563 *et seq.*, where the stockholders were in court when the receiver reported an offer for the assets agreeable to the creditors and a sale was agreed on, and the stockholders did not object that said sale was in violation of the statute (section 13607), they waived their right to object and were estopped from making said objection against confirmation of the sale.

Appeal from Wayne; Webster (Arthur), J.    Submitted June 8, 1927.    (Docket No. 28.)    Decided October 3, 1927.

Petition by Harry J. Hood and others for the dissolution of the Federal Coal & Coke Company.    From an order confirming a sale of its assets, petitioners appeal.    Affirmed.

Corporations, 14a C. J. § 3866 (Anno).

*Joslyn, Joslyn & Joslyn,* for appellants.

*Beaumont, Smith & Harris* (*Thomas B. Moore,* of counsel), for appellee receiver.

CLARK, J.    Under section 13563 *et seq.,* 3 Comp. Laws 1915, a petition was filed for dissolution of Federal Coal & Coke Company, a Michigan corporation. A receiver was appointed, and we quote from the order:

"(*b*) That within ten (10) days after completion of said appraisement, said permanent receiver shall apply to this court or to a judge therefor, for direction as to the disposal of said assets; that such application shall be made by petition, showing what, in the opinion of said permanent receiver, is the most advantageous method of effecting such disposal; that not less than ten (10) days' notice of such application shall be given by mail to all creditors and stockholders known to said permanent receiver, and proof thereof shall be filed with the clerk of this court prior to such hearing.

"(*c*) That the property and assets of said corporation shall be sold at public or private sale in one parcel or separately, as this court may hereafter, by its order, further direct."

The receiver reported an offer by one Germain to purchase in one parcel the assets of the company, including both real and personal property. The principal features of the offer were that Mr. Germain assume a mortgage, that he arrange to pay a bank its secured indebtedness, which arrangement satisfactory to the bank had been made, that he pay creditors of $100 or less in full, that he pay consenting creditors 25% of their claims in cash, the remainder of their claims to be satisfied by his giving to them his indorsed notes due in one, two, and three years, and that he pay in full a few creditors who could not or would not consent to his proposal. One Hood was the chief figure in the said company. It was said to be his company. There were in all ten stockholders.

Mr. Hood sent to the creditors an offer to purchase in behalf of the stockholders. The offer was essentially like that of Mr. Germain. But certain creditors would not accept Mr. Hood as indorser on the notes. The receiver sought approval of Mr. Germain's offer. Mr. Hood was in court and perhaps other of the stockholders and their present counsel. Mr. Hood was heard personally in court. The court adjourned the matter from time to time and gave the stockholders abundant opportunity to purchase the assets, but they failed to make offer acceptable to creditors. Finally the matter came up on June 6, 1926, and, we quote from the record:

"*The Court:* This was the time set for your matter, Mr. Joslyn.

"*Mr. Joslyn, Jr.:* Mr. Hood is unable to obtain the indorsement on the note, so that our offer will have to be withdrawn, I presume, in view of what happened yesterday.

"*The Court:* That was the understanding. Have you examined the order prepared?

"*Mr. Joslyn, Jr.:* We have. We have no objection to the order as drafted."

An order was entered authorizing acceptance of Mr. Germain's offer and the sale to him of the assets in one parcel. The sale was made, and creditors were satisfied accordingly. Upon confirmation of the sale, objection was made by the appellants, stockholders, that the sale by its terms violates the applicable statute, quoting part of section 13607, 3 Comp. Laws 1915:

"All sales of personal property shall be for cash, but on sales of real property credit may be given for not exceeding one year and for not more than three-fourths of the purchase money, which shall be secured by mortgage on the property sold."

We quote from the record:

"*The Court:* The court is only familiar with the

fact that the stockholders were in here, and the court has tried to give them an opportunity, a number of different times to make good on this proposition.

"*Mr. Joslyn:* Exactly, and they were not able to meet this extended sale proposition.  *  *  *

"*The Court:* If at the time that the terms of this sale were agreed upon in open court, this objection had been made, and they were in court and could have made that objection, but did not make that objection, and in reliance upon their silence at that time this sale has gone ahead, and especially this payment to the Loony Creek Coal Company in full of their claim has been made, and under those circumstances, I think the court will hold that they have been held to waive the right to make this objection, if it is a valid objection at this time, and I will permit the sale."

The sale was confirmed and three of the stockholders appeal.

It is not necessary, as was said by Mr. Justice FELLOWS in *Paine* v. *Saulsbury*, 200 Mich. 58, "that we decide the frequently mooted question of whether a court of equity has the inherent power, independent of statute, to order the dissolution of a going concern," or whether the court has inherent power to make the terms of sale equitable according to the circumstances and without regard to the statute.  If it be conceded that the terms of sale should have conformed to the statute above quoted the case is not decided.  There remains the matter of waiver.

The record shows that Mr. Hood acted for and in behalf of "the stockholders."  For them he made an offer to creditors.  For them he argued and urged the offer personally in court.  The court was given to understand that he had an offer from "the stockholders" on the one hand and an offer from Mr. Germain on the other.  The offers were equally at variance with the statute as regards the terms of sale. The point of variance was not made at the time, though presumptively known.  It was not raised until confirmation was sought.  The court was right in stat-

ing that the order was "agreed upon." We think appellants, stockholders, might and did waive the matter of the variance with the statute of the terms of sale and that they are now estopped to urge the same against confirmation.

Affirmed, with costs to appellee.

SHARPE, C. J., and BIRD, SNOW, STEERE, FELLOWS, WIEST, and McDONALD, JJ., concurred.